By the Court, Nelson, Ch. J.
But for the consent of the prisoner’s counsel, Dutton’s deposition could not have been received in evidence, inasmuch as no proper foundation for admitting it was laid by proving the witness’ death, insanity, inability from sickness to attend the trial, or collusion with the prisoner. (Roscoe's Crim. Ev. 50, 51; The People v. Restell, 3 Hill, 289.) Such consent having however been deliberately given, I think the court below were right in refusing to allow its withdrawal. I concede, if the agreement to admit the deposition had been made hastily, or under a mistaken impression of the law, and the prosecutor’s course of proceeding had not been at all influenced by it, the prisoner’s counsel should have been permitted, after changing his opinion, to retract at any time before the evidence was received. But here, there was a sort of stipulation deliberately entered into by the counsel for the res *34 pective parties, with the approhation of the court, which, in a measure, changed the course of the trial and suspended further efforts to procure the attendance of the witness. After this, to allow the prisoner’s counsel to retract, would be to sanction an abuse of the time and indulgence of the court, and perhaps operate an injury to the adverse party.
In respect to the delay of the trial and separation of the jury in the mean time, it is not for the prisoner to take advantage of the irregularity, if it be such, as the indulgence was granted on his application and for his benefit. Still, if it had appeared that any of the jurymen, while thus separated, were tampered with, had held improper conversations in respect to the complaint, or in any way misbehaved themselves or abused the indulgence of the court, we should feel it our duty to interfere and quash the proceedings. But I do not find the slightest imputation against them. For aught that appears, they observed strictly the admonition of the court to hold no conversation during the interim about the complaint(a)
Conviction affirmed.

 See Wilson v. Abrahams, (1 Hill, 207.)